FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUN 1 3 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ORIGINAL

| | | |
|---|---|---|
| ELTON BRENT PRICE, | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION FILE |
| v. | § § | |
| | § | NO: _____ |
| CREDITORS FINANCIAL GROUP, LLC, a New York company, | § § § § | 1:08-CV-2015 |
| Defendant. | § § § | CAP |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.

This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2.

Subject matter jurisdiction in the Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. section 1337, federal question jurisdiction.

## PARTIES AND PERSONAL JURISDICTION

3.

The Plaintiff is a resident of this State, District and Division and is authorized by law to bring the present action.

4.

The Defendant is a corporation organized under the laws of the state of New York with its principle place of business in Colorado.

5.

The Defendant regularly engages in business in this Division and is registered with the Georgia Secretary of State to do business in the state of Georgia. Jurisdiction and venue are therefore proper. O.C.G.A § 9-10-91.

6.

The Defendant may be served by personal service upon its registered agent in the State of Georgia to wit:   C. T. Corporation System
1201 Peachtreee Street, NE
Atlanta, Georgia  30361

.

7.

The Defendant may alternatively be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of the States of Georgia, Colorado, and New York, as applicable.

## FACTS COMMON TO ALL CAUSES

8.

The Defendant uses the United States Postal Service in its regular course of business.

9.

The Defendant uses telephonic communications in its regular course of business.

10.

The principle purpose of Defendant's business is the collection of debts.

11.

The Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, to another.

12.

The Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act (hereinafter FDCPA).

13.

In the course of attempting to collect a debt allegedly from the Plaintiff's father to a business, neither of which is a party to this litigation, Defendant communicated with the Plaintiff in a manner that violated the FDCPA.

14.

On or about June 6, 2008, a collector for and employed by the Defendant initiated a barrage of phone calls but failed and refused to leave a message documenting the nature of the call.

15.

During the initial phone calls, the collector failed and refused to identify the company he worked for.

16.

At no time did the collector state that the communications were from a debt collector.

17.

At no time did the collector state that the communications were an attempt to collect a debt.

18.

In one or more phone calls the collector did imply that he would use physical violence if Plaintiff did not assist the Defendant in locating the Plaintiff's father and has made threatening and harassing phone calls to the Plaintiff after 9:00 PM.

19.

The Defendant rejected the Plaintiff's repeated demands to cease and desist from contacting him further.

20.

The Defendant's communications with the Plaintiff were in direct contravention to the FDCPA.

21.

The Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

22.

The actions of the Defendant constitute violations of the Fair Debt Collections Practices Act.

23.

The Defendant's violations include, but are not limited to, the following:

24.

The placement of calls after 9 o'clock local time in violation of 15 U.S.C. § 1692c and without meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692d(6);

25.

The use of threats and abusive language in violation of 15 U.S.C § 1692d(1) and (2) and false, deceptive, or misleading representations or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e; and

26.

The failure to disclose in subsequent communications that the communication is from a debt collector in violation of 15 U.S.C. § 1692e(11).

27.

As a result of the Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, the Plaintiff respectfully prays that judgment enter against the Defendant as follows:

    a.    That the Plaintiff be awarded statutory and actual damages;

    b.    That the Plaintiff be awarded the expenses necessary to prosecute this case;

    c.    That the Court declare the defenses raised by the Defendant to be insufficient, each and every one; and

    d.    That the Court grant such further and additional relief deemed just and proper by this Honorable Court.

This 15 day of June, 2008.

                                      Respectfully submitted,

                                      _____
                                      ELTON BRENT PRICE, Plaintiff
                                      10800 Alpharetta Hwy
                                      Unit 424
                                      Roswell, Georgia 30076
                                      (678) 315-4698